IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID N. COOLEY,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:16-cv-00262-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying his claims for disability insurance benefits (DIB) under Title II of the Social Security Act ("the Act"), and supplemental security income (SSI) under Title XVI of the Act. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, both parties have consented to the undersigned conducting all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit (ECF No. 13). After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on September 7, 2017, the Court concludes that substantial evidence supports the Commissioner's decision to deny benefits and that proper legal standards were applied.

I.  PROCEDURAL HISTORY

In this case, Plaintiff claimed disability based on bipolar disorder and chronic depression (Tr. 169); he also testified that he was disabled due to "arthritis in his hips and nerve pain" (Tr. 18). He is a high school graduate (Tr. 46) and worked as a cashier, industrial cleaner, janitor,

and stocker (Tr. 255). He was let go from his last long term job as a janitor in January 2005 (Tr. 48), but later worked as a cleaner in 2008 (Tr. 443), and as a sign holder during tax season in 2013 (Tr. 46-47).

An ALJ denied Plaintiff's application for benefits after a hearing in July 2014 (Tr. 23). In her November 2014 decision, the ALJ followed the five-step sequential evaluation process for evaluating disability claims (Tr. 12-23). *See generally* 20 C.F.R. § 404.1520(a)(4). As relevant here, the ALJ found that Plaintiff's bipolar disorder, depression, and anxiety were "severe" impairments (Tr. 15). None of Plaintiff's impairments met or equaled a listed impairment, and Plaintiff retained the residual functional capacity to perform a range of medium work, involving only simple tasks that could be learned within a short demonstration period of up to 30 days, working primarily with things rather than people, and maintaining concentration, persistence, and pace for two hours at a time before taking regularly scheduled breaks (Tr. 15-18). Considering this residual functional capacity, the ALJ found that because Plaintiff could perform his past work as a store laborer and industrial cleaner, Plaintiff was not disabled under the Act (Tr. 22-23). The Appeals Council then declined Plaintiff's request for review in February 2016 (Tr. 1-3).

Plaintiff challenges the ALJ's decision by asserting error in assessing his credibility and residual functional capacity, weighing medical opinions, and failing to further develop the record (*See generally* ECF No. 16, Petitioner's Opening Brief (Pl. Br.)). After careful review of the entire record, the Court concludes that Plaintiff's arguments do not establish reversible error.

## II. STANDARD OF REVIEW

This Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards

were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). The Court may neither "reweigh the evidence [n]or substitute [its] judgment for the" administrative law judge (ALJ)'s. *Id.* (citation omitted). Where the record as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed, regardless of whether the court would have reached a different result. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## III. DISCUSSION

First, the Court finds the ALJ did not err in assessing Plaintiff's credibility. The ALJ articulated sufficient reasoning, including citing to inconsistencies between Plaintiff's testimony and other evidence in the record, and relied upon proper factors in finding Plaintiff's testimony not entirely credible. *See* Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *2; *see also Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). For example, the ALJ noted that despite Plaintiff's complaints of debilitating anxiety, chronic depression, and bipolar disorder, his symptoms were well-controlled with medication (Tr. 20). 20 C.F.R. § 404.1529(c)(3)(iv)-(vi) (ALJ considers medication, treatment, and other measures used for relief of symptoms). Plaintiff himself indicated in 2007 that his bipolar disorder was "very well controlled" and that he was "very satisfied with his treatment" (Tr. 20, 435). *See Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995) (fact that impairment was well-controlled and no physician opined that the claimant was disabled supported the ALJ's conclusion the claimant was not disabled).

The ALJ also observed that Plaintiff had very little mental health treatment since the alleged onset date of disability nine years before the date of the decision (Tr. 20; *see generally* 454-60, 471-82, 485-500). *See* 20 C.F.R. § 404.1529(c)(4). Further, Plaintiff reported in April

2014 that he had returned to treatment because he was applying for social security "and I need to be seeing somebody . . . from what I hear" (Tr. 485). *See Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988) ("Though the claimant alleges he became disabled in August 1983, he did not seek medication for joint pain until 20 months later, or one month after he filed for Social Security disability benefits.").

The record also reflects that Plaintiff admitted to holding two jobs in 2008 and 2013, one as a seasonal sign holder outside a tax preparation office and the other as a cleaner (Tr. 20, 46-47, 57, 443). *See* 42 U.S.C. § 423(d)(2)(A) (a claimant is not disabled unless "he is not only unable to do his previous work but [also] cannot . . . engage in any other kind of substantial gainful work"); *Shepherd v. Apfel,* 184 F.3d 1196, 1202 (10th Cir. 1999) (evidence a claimant did mechanic work even after the alleged onset of disability supported a finding of nondisability).

The ALJ also pointed to Plaintiff's activities of daily living, noting Plaintiff's statements that he walked his dog, mowed his lawn, shoveled snow, and went fishing (Tr. 20, 293-95). *See* 20 C.F.R. § 404.1529(c)(3)(i) (ALJ considers a claimant's activities when evaluating symptoms); *Wilson v. Astrue,* 602 F.3d 1136, 1146 (10th Cir. 2010) (ALJ reasonably found a claimant's description of her daily activities did not indicate significant limitations). Plaintiff also walked 1.3 miles to AA meetings, which he attended up to five times a week since 2002, and was proud that he was able to help newer members cope (Tr. 53-54). These activities contradicted Plaintiff's statements that he avoided people and was unable to communicate with them without severe anxiety (Tr. 49). For all these legally valid reasons, the ALJ reasonably determined Plaintiff's subjective reports of disabling symptoms were not completely reliable (Tr. 20).

Next, the Court concludes that the ALJ did not err by giving opinions from Plaintiff's treating medical providers less weight. Even if a doctor is a treating physician, the opinion of that doctor is only entitled to controlling weight if it is well-supported by the medical evidence and "is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) ("[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record" (quotation and citation omitted)).

At issue here, Paul Satter, M.D., opined that Plaintiff would miss four or more days per month due to his mental impairments and was incapable of even low stress jobs (Tr. 21). The ALJ found that Dr. Satter's opinion was not well-supported by the medical evidence and was inconsistent with other substantial evidence in the record (Tr. 21). *See* 20 C.F.R. § 404.1527(c)(2). The ALJ then articulated "specific, legitimate reasons" for the limited weight he accorded to Dr. Satter, and found the opinion was based primarily on Plaintiff's subjective reports, which the ALJ already deemed unreliable (Tr. 21). *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."); *Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (ALJ reasonably discounted treating physician opinion because it simply recited the claimant's complaints). The ALJ also noted the opinion was based in part on a belief that Plaintiff had not worked since 2006, which was incorrect (Tr. 21, 423). *See* 20 C.F.R. §404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we give that opinion"). The ALJ further observed that Dr. Satter was

Plaintiff's primary care physician and not a mental health care specialist (Tr. 21). 20 C.F.R. § 404.1527(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."); *Miller v. Astrue*, 496 F. App'x 853, 859 (10th Cir. 2012) (unpublished) (psychologist was not qualified to render an opinion about a physical impairment). The ALJ also reasonably noted that the opinion was not supported by the objective medical record and the record as a whole (Tr. 21). *See Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004) (ALJ may consider the degree to which the physician's opinion is supported by relevant evidence). For these reasons, the ALJ properly discounted the opinion.

The ALJ also provided sufficient reasons for discounting the joint opinion provided by Michael Reid, M.D., and Rosey Bassett, L.C.S.W., of Valley Behavioral Health. Dr. Reid and Ms. Bassett opined Plaintiff had difficulty with maintaining a stable mood and experienced severe panic attacks that made daily living activities difficult for him, and that made maintaining employment throughout his adult life very difficult (Tr. 21). As the ALJ noted, the opinion was inconsistent with Plaintiff's activities of daily living as discussed above, and with treatment records that showed Plaintiff's symptoms were effectively controlled with medication (Tr. 21; *see* Tr. 20, 435); *see also* 20 C.F.R. § 404.1527(c)(4) (consistency). Further, the ALJ noted the opinion appeared to be based on Plaintiff's subjective reports that were already deemed unreliable (Tr. 21). The opinion was also not supported by objective findings; Ms. Bassett's opinion in particular may have overstated the extent of Plaintiff's impairment based on the "untruths the claimant reported" (Tr. 21, 530). *See* 20 C.F.R. § 404.1527(c)(3) (supportability). Finally, the ALJ observed that the opinion did not contain any functional limitations or specific restrictions to consider (Tr. 21). While the analysis provided by the ALJ was shorter than the

analysis he provided in regards to Dr. Satter's opinion, this makes sense given that there were far fewer records to evaluate from Valley Behavioral Health. Further, the ALJ addressed concerns raised in this opinion when he defined Plaintiff's residual functional capacity, and included adequate limitations. Therefore, the ALJ appropriately gave the opinion less weight (Tr. 21). In sum, the ALJ did not err in making his determination because he provided sufficient reasons, based on the legal standard of review, for discounting the medical opinions of Dr. Satter and Valley Behavioral Health.

The Court also concludes the ALJ's finding that Plaintiff could perform a range of medium work with limitations was not flawed. Although Plaintiff complains that the ALJ did not include a function-by-function assessment of Plaintiff's abilities, the regulations, policy, and case law make clear that including a limitation to medium work in the residual functional capacity necessarily incorporates the individual work-related functions associated with that level of exertion. *See* 20 C.F.R. § 404.1567(c); *Hendron v. Colvin*, 767 F.3d 951, 956-57 (10th Cir. 2014) (rejecting the claimant's argument that the ALJ's RFC was "not in the proper form" because the ALJ "was required to separately discuss and make findings regarding her abilities to sit, stand, walk, lift, carry, push, or pull," recognizing that the term "sedentary work" has a specific definition under the Commissioner's regulations and rulings incorporating those specifications). The ALJ did not need to go through other functional limitations more significantly because Plaintiff did not raise any evidence to suggest additional physical limitations that required additional analysis. The Court also notes that the ALJ actually performed a function-by-function assessment of Plaintiff's mental health limitations when formulating Plaintiff's residual functional capacity.

The Court also finds no basis for requiring the ALJ to more fully develop the record or order additional consultative examinations (Pl. Br. 27-28, ECF No. 16).[1]  The ALJ had ample medical evidence to consider when determining Plaintiff's claims of disabling impairments, and multiple physicians and psychologists opined Plaintiff's impairments were non-severe (Tr. 16-22, 79-82, 103-06).  20 C.F.R. § 404.1519a(b); *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir. 1990) (consulting examination not required where claimant showed no objective evidence of nonexertional impairment sought to be evaluated).

## IV. CONCLUSION

When viewed in its entirety, the record contains substantial evidence to support the ALJ's finding that Plaintiff was not disabled.  As noted above, this Court is not authorized by law to re-weigh the evidence.  *Lax*, 489 F.3d at 1084.  Even assuming that the Court may have arrived at a different conclusion, the Court must determine whether the ALJ had substantial evidence to support her findings and decision.  Thus, the Court concludes that the ALJ's decision in this matter is sufficiently supported by substantial evidence in the record and that the correct legal standards were applied.  As such, Plaintiff's arguments fail as a matter of law.  Accordingly, the Court HEREBY AFFIRMS the Commissioner's decision.

DATED this 28th day of September 2017.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge

---

[1] At oral argument Plaintiff conceded that two consultative exams he initially thought were conducted in 2008 and 2009 did not occur. Thus, there was no need to develop the record in this regard, nor was there any due process violation stemming from the agency's failure to include those exam reports in the record.